# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0952-CG-MU |
| FAULKNER UNIVERSITY, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(W). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to insert in his complaint a short and plain

statement of the basis of the court's jurisdiction and, as well, has failed to state a § 1983 claim against Faulkner University.[1]

## **BRIEF BACKGROUND**

On November 8, 2019, the *pro se* Plaintiff filed a form complaint for violation of civil rights against Faulkner University wherein he seeks significant damages for the Defendant's purported action of including a "felony check box on the application [for admission.]" (Doc. 1, at 3 & 4.) Plaintiff goes on to allege that use of this "box" by universities/colleges who receive federal grant money (or other federal aid) has been legally "banned." (*Id.*) Plaintiff is "not sure" of the date and approximate time of the events giving rise to his claim but thinks it was in October of 2019. (*Id.* at 4). Further, Diamond seems to allege that the events giving rise to his claim arose in talks with the Admissions Counselor at Faulkner University's Mobile, Alabama campus and through "email." (*Id.* at 3).

Interestingly, although Plaintiff filed his complaint on a violation of civil rights form, he omitted certain pages from that form, specifically pages 3 and 6 through 10. And while the undersigned is unconcerned with Diamond's omission of pages 6-10 of that form, since the form is a prisoner complaint form and those pages address exhaustion of administrative remedies, the omission of page 3 is crucial because that page addresses the basis of jurisdiction, *see Diamond v. US Express Trucking*

---

[1] In light of the contents of this Report and Recommendation, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2). Should Diamond later attempt to amend his complaint against Faulkner University, he is specifically **ADVISED** that he must file another motion to proceed without prepayment of fees on this Court's form, a copy of which he can obtained from the Clerk's Office. And when (and if) he completes this Court's form IFP motion, Plaintiff is **FURTHER ADVISED** that he must answer (comprehensively) each question posed to him and not skip any question.

*Company,* CA 19-0920-CG-MU, Doc. 1, at 3, and though Plaintiff does complete a portion of page 4 in the instant case, under "Statement of Claim," he does not specifically state that his claim in brought under 42 U.S.C. § 1983 and certainly does not explain how the Defendant acted under color of state law (*see id.* at 3).

## DISCUSSION

Upon liberally construing Diamond's sparse complaint, as must be done,[2] and because Plaintiff has filed this pleading on a form for violation of civil rights, the undersigned has no choice but to find that Plaintiff is attempting to bring a claim against Faulkner University pursuant to 42 U.S.C. § 1983, though he does not specifically invoke that statute.

42 U.S.C. § 1983 provides, in relevant measure, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005), citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

---

[2] "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted).

In this case, the undersigned finds that Plaintiff does not meet the pleading requirements of Federal Rule of Civil Procedure 8, which requires a short and plain statement of the basis of the court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed.R.Civ.P. 8(a). In truth, even though this Court has liberally construed Plaintiff's complaint as raising a § 1983 claim, Plaintiff did not supply this Court with the page of the civil rights complaint form that would firmly establish this Court's subject-matter jurisdiction. In other words, Plaintiff's complaint cannot be found to contain a short and plain statement of the court's jurisdiction. Moreover, Diamond has not provided sufficient facts regarding the basis of his claim, including the nature of his claim, as he has not identified the constitutional right Faulkner University is violating by soliciting on its application form an answer from the applicant regarding whether he/she has been convicted of a felony nor has he identified Faulkner University as a state actor (that is, he offers no explanation regarding how the Defendant acted under color of state law). In other words, if Diamond seeks to recover money damages from Faulkner University under § 1983 he must, at a minimum, plausibly explain how the Defendant was acting under color of state law[3] and what constitutional right (possessed by

---

[3] In his complaint, Plaintiff describes Faulkner University as a Christian University. (Doc. 1, at 2.) Online research conducted by the undersigned reflects that Faulkner University is a "**private** Christian university in Montgomery, Alabama" that has "satellite campuses in **Mobile**, Huntsville and Birmingham." https://en.wikipedia.org/wiki/Faulkner_University (last visited, November 14, 2019, 10:57 a.m.); *see also* https://www.faulkner.edu/adult/mobile-campus (last visited, November 14, 2019, 11:00 a.m.). While it appears to be well established that a public university is a state actor for purposes of § 1983, *see, e.g., National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 199, 109 S.Ct. 454, 466, 102 L.Ed.2d 469 (1988) (White, J., dissenting) (recognizing that no one disputes that a public university is a state actor under § 1983), it is decidedly unclear whether a private university is a state actor under § 1983, *cf. Nobles v. Alabama Christian Academy,* 917 F.Supp. 786, 789 (M.D. Ala. 1996) (finding defendants, including private school, were not state actors and, therefore, plaintiffs failed to state a claim for relief under 42 U.S.C. § 1983).

Plaintiff) the Defendant, by its described actions, is violating. *See generally, Holmes, supra.*[4]

In light of the foregoing, the undersigned recommends that the Court find that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and dismiss this case without prejudice prior to service of process.

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff's Complaint fails to contain a short and plain statement of the basis of this Court's jurisdiction and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The undersigned further **RECOMMENDS** that Plaintiff be extended leave to file an amended complaint, *see Butler v. Morgan,* 562 Fed.Appx. 832, 835 (11th Cir. Apr. 3, 2014) (finding that a district court must grant a plaintiff at least one opportunity to amend his complaint before dismissal, even if the plaintiff never seeks leave to amend, if it appears that the filing of an amended complaint might cure noted deficiencies), but be cautioned that he must supply additional information to satisfy this Court that it may exercise subject-matter jurisdiction and that he has a plausible claim for relief against Faulkner University.[5]

---

[4] Of course, if Plaintiff does not wish to pursue a § 1983 action against Faulkner University but still wishes to sue the Defendant, any amended complaint must contain a short and plain statement of the basis of the court's jurisdiction as well as a short and plain statement of the claim showing that he is entitled to relief.

[5] To this end, in any amended complaint, Plaintiff, at a minimum **SHALL**: (1) state the basis of this Court's jurisdiction and specifically state that his action is brought pursuant to
(Continued)

5

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

---

42 U.S.C. § 1983; (2) state the federal constitutional or statutory right being violated by state or local officials; (3) explain how Faulkner University acted under color of state or local law; (4) attach any relevant emails and a copy of any caselaw or statute which prohibits colleges and universities from asking applicants whether they have felony convictions; (5) again state all facts/events/dates relevant to his claim.

     As reflected above, however, if Plaintiff wishes to proceed against Faulkner University but not in accordance with § 1983, any amended complaint must contain a short and plain statement of the basis of the court's jurisdiction as well as a short and plain statement of the claim showing that he is entitled to relief (including, what his exact claim is and all facts and circumstances giving rise to his claim).

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of November, 2019.

                                                           s/P. Bradley Murray
                                                       **UNITED STATES MAGISTRATE JUDGE**